## ED. SAFARIK v. THE STATE.

No. 7933.    Decided December 5, 1923.

Rehearing denied January 16, 1924.

**1.—Keeping Premises to Manufacture Liquor—Sufficiency of the Evidence.**

Where, upon trial of keeping premises as a place to manufacture intoxicating liquor, the evidence was sufficient to support the conviction, there is no reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

Where appellant in his motion for rehearing insisted that the evidence did not show that the stills were found upon premises under his control, this Court after mature reconsideration in its conclusions as to the correctness of the original disposition of the case must overrule the motion for rehearing.

Appeal from the Criminal District Court of Williamson.    Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of keeping in his premises as a place to manufacture intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Wofford,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of keeping his premises as a place to manufacture liquor, and his punishment fixed at three years in the penitentiary.

The record is before us without a single bill of exceptions, and it is only contended on behalf of appellant that the evidence does not support the conviction. The case was presented to the jury upon a charge containing the law applicable, which was so satisfactory to the accused as that he reserved no exception thereto. From the evidence it appears that on a certain day a party, including some officers, went to the premises rented and occupied by appellant and in a little outhouse or shed some twenty or thirty steps from the main dwelling house there was found a gas or oil stove burning and on the same were two stills the contents of which were at about the boiling point. Attached to the boilers was a coil and in the room were quantities of mash. The coil ran through a keg of water and the entire apparatus was testified as being capable of manufacturing liquor. The appellant was present on the occasion of the visit of said party and offers the testimony of no one who lived in his house or with him in anywise rebutting the presumption of his possession of the premises, of the mash, the stills and the other apparatus usable for the manufacture of liquor. Appellant introduced two witnesses, both of whom seem to have lived at Taylor some six or seven miles from appellant's place of residence. One of them was the mail carrier over that route by whom the defense sought to show that one Baker lived near the home of appellant about the time of the raid by the party above mentioned. The other witness was the constable at Taylor who went with said party. This witness testified that when they reached the premises appellant was at home, and that he, witness, was with the State witnesses when they discovered the two stills mentioned above and that both the stills were connected up and he thought the coil was in a tub of water and that the fire was burning. This witness testified that appellant, his wife and some children and appellant's brother-in-law were about the premises. According to this witness and that of the other witnesses there was no furniture of any kind in the little house where they found the still except the apparatus useful in the manufacture of liquor. The last witness mentioned for the defense also testified that the mash he found in the little house

referred to looked like other mash that he had seen in other stills that whisky was made from; that it was ordinary mash and that in his judgment whisky could be made out of the mash, and that the odor around the place was an odor similar to that noticed by him

This being the only question raised, an affirmance will be ordered. around other stills. We regret our inability to agree with learned counsel for appellant that the evidence is insufficient.

*Affirmed.*

### ON REHEARING.

### January 16, 1924.

LATTIMORE, Judge.—Appellant insists that the evidence does not show that the stills were found upon premises under his control. We have again reviewed the evidence. A searching party found in an old shed or outhouse some twenty or thirty steps from appellant's residence on an oil stove, two burners of which were lit, two stills boiling and cooking mash, coils being attached to each boiler. When the party reached the premises appellant was on the porch of his residence. Near the corner of said residence and under its eaves, according to a defense witness, was found a barrel of mash. On the premises and not far from the shed where the stills were found was an old house and appellant introduced a witness by whom he sought to prove that a man named Baker was living in this old house at the time the officers made their visit, but on cross-examination this witness disclosed that his testimony rested solely upon the fact that he had seen Baker at said house and that Baker told him he lived there. The testimony shows that Baker had married a step-daughter of the appellant. A number of witnesses who searched the premises of appellant testified that they looked through the old house just mentioned and that they saw no signs or appearances that same was occupied. Mature consideration on our part has brought no change in our conclusion as to the correctness of the original disposition of the case, and the motion for rehearing will be overruled.

*Overruled.*